IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN TITLE, INC., | ) | |
| | ) | 8:03CV463 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GENISYS FINANCIAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Compel Arbitration and for Clarification (Filing No. 61).[1]  The plaintiff filed a brief (Filing No. 62) and an exhibit (Pl.'s Ex. A) (Filing No. 65) in support of its motion.  The defendant filed a motion to compel arbitration in accordance with the Binding Arbitration and Stipulation Regarding Arbitration (Filing No. 63).  The defendant filed a brief (Filing No. 67) and an index of evidence (Def.'s Exs. A-D) (Filing No. 64) in support of its motion.  Neither party filed a response to the opposing party's motion.

## BACKGROUND

In its complaint, the plaintiff claims the plaintiff provided the defendant goods and services "on an open account at an agreed and reasonable price of $206,745.49."  Filing No. 1, Attach. 2, p. 2; Def.'s Ex. A.  The plaintiff prays for a judgment against the defendant in the amount of $206,745.49, plus prejudgment and postjudgment interest, and costs.  Filing No. 1, Attach. 2, p. 2; Def.'s Ex. A.

On May 11, 2005, the court granted the parties' Stipulation to Submit to Binding Arbitration (Filing No. 48) and stayed this case pending further order of the court (Filing No. 49).  The parties scheduled an arbitration to begin July 20, 2005.  The plaintiff delivered copies of its brief to the agreed-upon arbitrator and the defendant prior to a July 19, 2005

---

[1] The undersigned magistrate judge exercises jurisdiction over this matter after consent by the parties and transfer by United States District Court Judge Joseph F. Bataillon.  **See** Filing No. 11.

meeting to discuss how arbitration would proceed. At the July 19, 2005 meeting, the defendant advised the arbitrator and plaintiff that the defendant would not be proceeding with arbitration the following day, as the plaintiff's arbitration brief indicated the plaintiff would be pursuing recovery under a theory of quantum meruit, and the defendant contended such theory of recovery was not pleaded in the plaintiff's complaint.

Subsequently, the parties filed the instant motions asking the court to determine whether the quantum meruit theory of recovery is encapsulated in the plaintiff's complaint and to compel the parties to participate in arbitration of this case. The plaintiff contends "the pleadings regarding an open account encapsulate the quantum meruit theory" and thus its complaint satisfies the Federal Rules of Civil Procedure such that it can proceed on both open account and quantum meruit theories of recovery. Filing No. 61, p. 5. The defendant contends the complaint only pleads a breach of contract theory of recovery and does not encapsulate a theory of recovery based upon quantum meruit.

## LEGAL ANALYSIS

"Federal courts considering non-federal questions [in diversity actions] apply federal rules of procedure, and follow state law to resolve issues of substance." **Sayre v. Musicland Group, Inc.**, 850 F.2d 350, 352-53 (8th Cir. 1988) (**citing Erie R.R. Co. v. Tompkins**, 304 U.S. 64, 78 (1938); **Bank of St. Louis v. Morrissey**, 597 F.2d 1131, 1134-35 (8th Cir. 1979) ("The law is clear that the federal courts apply the Federal Rules of Civil Procedure in questions regarding pleadings, not state rules.")).

Rule 8(a) of the Federal Rules of Civil Procedure dictates that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . . Fed. R. Civ. P. 8(a); **Shurgard Storage Ctrs. v. Lipton-U. City, LLC**, 394 F.3d 1041, 1046 (8th Cir. 2005) (noting the Federal Rules of Civil Procedure provide "liberal notice pleading standards"). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1); **Shurgard Storage Ctrs.**, 394 F.3d at 1046-47 (finding "the complaint sufficiently stated a claim in equity that the enforcement of the contract . . . would be unconscionable," despite the plaintiff not identifying "unconscionable" as a cause

of action in the complaint). "The essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." **N. States Power Co. v. Fed. Transit Admin.**, 358 F.3d 1050, 1056-1057 (8th Cir. 2004) (finding "even this low standard" was not met where the complaint "fails to mention the relevant legal standards providing a basis for the [plaintiff's] claim") (**citing  Oglala Sioux Tribe of Indians v. Andrus**, 603 F.2d 707, 714 (8th Cir. 1979)).

Under Nebraska law, a cause of action for quantum meruit is not consistent with a cause of action for an express agreement. **Shreves v. D. R. Anderson Constructors, Inc.**, 293 N.W.2d 106, 110 (Neb. 1980) ("[A] plaintiff may not plead a cause of action on an express agreement and then, over objection, prove and recover on a cause of quantum meruit."). Stated differently, a cause of action under quantum meruit cannot be pursued by a plaintiff who only pleads an express contract. **Prof'l Recruiters, Inc. v. Oliver**, 456 N.W.2d 103, 106 (Neb. 1990) ("an express contract precludes the existence of a contract implied by law or a quasi-contract").

The complaint states, in relevant part: "Plaintiff provided goods and services to Defendant on open account at an agreed and reasonable price of $206,745.49." Filing No. 1, Attach. 2, p. 2; Def.'s Ex. A. The court finds the plaintiff's allegations in the complaint only give notice to the defendant of a claim pursuant to an express agreement by the parties. **See Sodoro, Daly & Sodoro, P.C. v. Kramer**, 679 N.W.2d 213, 219 (Neb. 2004) (stating "[a]n action on an open account is the appropriate cause of action [where] the action is based in contract, there have been a number of transactions between the parties, the terms of payment are not specified **by the contract**, and the central issue is the discrete legal effect of one of those transactions") (emphasis added). Consistent with the Nebraska law of open accounts, the plaintiff's complaint alleges the parties agreed to an ongoing relationship, with some terms of the agreement uncertain (for example, number of transactions), while other terms were certain (for example, the price to be paid). Filing No. 1, Attach. 2, p. 2; Def.'s Ex. A (alleging "an agreed and reasonable price").

Quantum meruit is a type of implied contract.

> The general principle of quantum meruit is a contract implied in law theory of recovery based on the equitable doctrine that one will not be allowed to profit or enrich oneself unjustly at the expense of another. If benefits have been received and retained under such circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving and retaining the benefits to pay their reasonable value.

***Associated Wrecking & Salvage Co. v. Wiekhorst Bros. Excavating & Equip. Co.***, 424 N.W.2d 343, 348 (Neb. 1988) (internal quotation marks and citations omitted).

A quantum meruit theory of recovery is consistent with an express contract theory of recovery only where the quantum meruit theory covers "a point not covered by [the] express contract . . . and if [both theories of recovery] arise out of the same transaction, they may be pleaded and tried together."  ***Id.*** at 106 (**citing *Associated Wrecking & Salvage Co.***, 424 N.W.2d at 350).  The plaintiff's complaint does not give the defendant notice of seeking any recovery not covered by the open account theory of recovery.  At a minimum, the plaintiff should have identified in the complaint the portion of the $206,745.49 recovery sought which is related to "goods and services provided to Defendant on open account at an agreed and reasonable price," as distinct from the portion of the $206,745.49 recovery sought not related to such agreement for which the plaintiff should be paid to avoid unjustly enriching the defendant.  Filing No. 1, Attach. 2, p. 2; Def.'s Ex. A.

Therefore, a theory of recovery under quantum meruit is distinct from an open accounts theory of recovery and must be pleaded separately.  **Accord *Children's Mem'l Hosp. v. Corr. Med. Servs., Inc.***, No. 02 C 8228, 2003 U.S. Dist. LEXIS 447, at *9-10 (N.D. Ill. 2003) (holding, under Illinois law, that where the plaintiff failed to plead quantum meruit, the plaintiff's concession in the complaint of an "agreement" "belie[d] any claim that it properly pleaded quantum meruit in its complaint because a party cannot recover under quantum meruit where a contract governs the relationship between the parties") (unpublished).  The plaintiff failed to make any allegations related to a quantum meruit theory of recovery in its complaint, and, therefore, may only pursue theories of recovery properly pleaded in its complaint, to wit: the open account cause of action.  Upon consideration,

4

**IT IS ORDERED:**

1.   The plaintiff's Motion to Compel Arbitration and for Clarification (Filing No. 61) is denied.

2.   The defendant's Motion (Filing No. 63) to compel arbitration in accordance with the Binding Arbitration and Stipulation Regarding Arbitration is granted as set forth herein.

DATED this 28th day of September, 2005.

                                          BY THE COURT:

                                          s/Thomas D. Thalken
                                          United States Magistrate Judge