IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN TITLE, INC., | ) | |
| | ) | 8:03CV463 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GENISYS FINANCIAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for Leave to Amend the Complaint (Filing No. 71) and the plaintiff's Motion for Reconsideration (Filing No. 75). The motions are related and will be considered together. The plaintiff initially filed separate briefs (Filing Nos. 72 and 76) and evidence (Filing Nos. 73 and 74) in support of both motions. The defendant filed briefs (Filing Nos. 96 and 97) and an affidavit (Filing No. 98) in opposition to the plaintiff's motions. The plaintiff filed a single reply brief (Filing No. 101).

## BACKGROUND

In October 2003, the plaintiff filed a one-page complaint in the District Court of Sarpy County, Nebraska. **See** Filing No. 1. In the complaint, the plaintiff claims it provided the defendant with goods and services "on an open account at an agreed and reasonable price of $206,745.49." ***Id.*** Attach. 2, p. 2; Def.'s Ex. A.[1] The plaintiff prays for a judgment against the defendant in the amount of $206,745.49, plus prejudgment and postjudgment interest, and costs. ***Id.*** On November 7, 2003, the defendant removed the action to the United States District Court for the District of Nebraska. On September 28, 2004, the defendant filed a counterclaim against the plaintiff for breach of an agreement, for specific performance and for indemnity to third parties. **See** Filing No. 20. The counterclaim was later dismissed by agreement of the parties. **See** Filing No. 41. On March 21, 2005, the

---

[1]Since then the parties have settled a portion of the claims.

defendant filed an amended "Answer and Set Off."  **See** Filing No. 44.  The pretrial conference was scheduled for June 27, 2005, with a bench trial to commence on July 11, 2005.  **See** Filing No. 25.  However, on May 10, 2005, the parties filed a joint stipulation informing the court of their intent to arbitrate.  **See** Filing No. 48.

On May 11, 2005, the court granted the parties' Stipulation to Submit to Binding Arbitration (Filing No. 48) and stayed this case pending further order of the court (Filing No. 49).  The parties' stipulation states they:

> voluntarily agree to submit the controversies set forth in the pleadings in the civil action filed in the United States District Court for the District of Nebraska, No. 8:03-cv-463 American Title Inc., a Nebraska Corporation v. Genisys Financial Corporation, a California Corporation to binding arbitration.

The parties scheduled an arbitration to begin July 20, 2005.  The plaintiff delivered copies of its brief to the agreed-upon arbitrator and the defendant prior to a July 19, 2005 meeting to discuss how arbitration would proceed.  At the July 19, 2005 meeting, the defendant advised the arbitrator and the plaintiff that the defendant would not proceed with arbitration the following day, as the plaintiff's arbitration brief indicated the plaintiff was pursuing recovery under a theory of quantum meruit.  The defendant argued such theory of recovery was not pleaded in the plaintiff's complaint.

On July 29, 2005, the plaintiff filed a motion to compel arbitration and for an order clarifying the scope of arbitration to include the claim for quantum meruit.  **See** Filing No. 61.  Likewise, on August 1, 2005, the defendant filed a motion to compel arbitration on the breach of contract theory only.  **See** Filing No. 63.  On September 28, 2005, the court determined the theory of quantum meruit must be pleaded separately and the plaintiff had failed to do so in the initial complaint.  **See** Filing No. 70.  The parties were ordered to complete arbitration in accordance with their earlier stipulation.

On October 7, 2005, the plaintiff filed the instant motion to amend the pleadings to include a claim under the theory of quantum meruit.  **See** Filing No. 71.  Additionally, the plaintiff filed a motion asking the court to reconsider the September 28, 2005 order granting the defendant's motion to compel arbitration.  **See** Filing No. 75.  On October 11,

2005, the plaintiff filed a motion asking the court to refrain from ruling on the previous two motions because it appeared the parties had reached a settlement agreement. **See** Filing No. 77. The plaintiff's last motion was granted and the case was effectively stayed until March 22, 2006, after the parties informed the court that no settlement was reached. **See** Filing No. 90. Thereafter, the defendant obtained new legal counsel. **See** Filing No. 94. The parties were then given an opportunity to brief the plaintiff's motions, which are now ready for the court's consideration.

## ANALYSIS

### A.     Motion to Reconsider

The plaintiff requests reconsideration of the court's September 28, 2005 order granting the defendant's motion to compel arbitration. The plaintiff argues that although the parties' stipulation uses the language "in the pleadings," the arbitration agreement uses the language "framed by the pleadings," which would include the issues raised by discovery and a claim under the quantum meruit theory. Additionally, the plaintiff contends the court erred by considering only the initial complaint when determining which issues were encompassed "in the pleadings." The plaintiff argues the court should consider the defendant's answer (Filing No. 3), counterclaim (Filing No. 20) and amended answer and set off (Filing No. 44), and the plaintiff's answer to counterclaim (Filing No. 22). The plaintiff admits the theory of quantum meruit was not specifically pleaded, but contends the issues were clearly encompassed in the pleadings based on the defendant's denial that a contract existed and acknowledgment that the parties exchanged goods and services. Finally, the plaintiff argues the theory of quantum meruit is not inconsistent with the contract theory because the facts, as pleaded and discovered, show the plaintiff provided the defendant with goods and services, without an express agreement on all terms, for which the defendant did not pay. Alternatively, the plaintiff states that if allowed to amend the complaint, new theories of recovery will be plainly stated in the pleadings.

The defendant opposes reconsideration. The defendant argues the plaintiff's motion is unjustified under the law. The defendant contends the operative pleadings are

the initial complaint and the defendant's answer and set off.  The defendant requests an arbitration deadline of July 31, 2006, be imposed, without additional discovery.  Finally, the defendant asks that the plaintiff bear the costs of arbitration.

Under the circumstances of this case, the court will grant the plaintiff's motion for reconsideration.  Both parties seek to complete arbitration, however they seek arbitration on different theories of the case.  The court has earlier determined the plaintiff seeks to add a claim not previously raised by the pleadings.  **See** Filing No. 70.  Additionally, the defendant seeks to alter the terms of the arbitration agreement by changing the dates.  The parties stipulation states:

> That the lawsuit before this Court identified above shall be stayed pending the entering of the arbitration award/judgment <u>or until the Court is further advised by either one of the Parties that the matter failed to be timely arbitrated as set out in the Binding Arbitration Agreement between the Parties</u>.

**See** Filing No. 48 p. 1-2 (emphasis added).  The Binding Arbitration Agreement further states:

> That if the arbitration has not been conducted by July 31, 2005 either Party may elect to cancel the Arbitration Agreement and have the matter tried and resolved in the United States District Court in civil action No. 8:03-cv-463.

*Id.* Exhibit A p. 2.

It is well past the deadline set in the parties' agreement, however the arbitration has not yet occurred. Based on the express language of the parties stipulation and agreement and the parties' current and divergent positions regarding arbitration, the court will not compel the parties to arbitrate.  Accordingly, the portion of the September 28, 2005 order (Filing No. 70) granting the defendant's motion to compel arbitration (Filing No. 63), is vacated.  The defendant's motion to compel arbitration pursuant to the parties' stipulation and agreement (Filing No. 48 and Exhibit A) is denied.  The court will not assess attorney's fees or costs against either party related to the arbitration conduct.

**B.    Motion to Amend**

The plaintiff seeks to amend the complaint based on evidence which came to light during discovery. Specifically, the plaintiff contends the parties conducted business based on their past course of dealings, without an advance understanding of the price to be charged. Also, the defendant purchased items from the plaintiff's website without an understanding of the price before the purchase. The evidence relied on by the plaintiff stems from the deposition of the plaintiff's expert witness, Brooke Schrack, which was taken on June 16, 2005. **See** Filing No. 74, Exhibit 1. Additionally, the plaintiff states that after the original complaint was filed, the plaintiff business attained new ownership and new legal counsel. The plaintiff contends the defendant will suffer no prejudice by the amendment since this case is not yet set for trial.

The defendant opposes the motion to amend. The defendant contends amendment is untimely and would unfairly prejudice the defendant. The defendant argues it proceeded through discovery and nearly to the time of trial with only the "open account" theory of recovery. The defendant spent considerable resources in an attempt to defend such theory and prepare for arbitration, including travel for out of state witnesses. The defendant asserts a claim based on quantum meruit is materially different than a claim based on an open account. The defendant contends if the new claim is allowed, it will have to retain a new expert witness, re-take depositions and serve additional written discovery. The defendant states an additional four months and over $20,000 (in addition to the estimated $35,000 already incurred) is necessary to prepare the case on the new claim. If the plaintiff's motion is granted, the defendant seeks reimbursement from the plaintiff for the costs of the original arbitration in the amount of $5,000, and for the plaintiff to pay costs associated with any subsequent arbitration.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for denial, such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment" leave to amend should be granted. ***Doe v. Cassel***, 403 F.3d 986, 990-91 (8th Cir. 2005)

(citation omitted); see **Stricker v. Union Planters Bank, N.A.**, 436 F.3d 875, 878 (8th Cir. 2006) (Leave to amend "may be denied if an amendment would be futile."). There is no absolute right to amend. **Cassel**, 403 F.3d at 990. Whether to grant a motion for leave to amend is within the sound discretion of the district court. **Gamma-10 Plastics**, 32 F.3d at 1255.

The court finds no good reason to deny the motion to amend. Although the motion was filed well past the deadline for such motions, it appears the amendment conforms with the evidence already discovered. "Indeed discovery often justifies a subsequent amendment to the complaint. Even though it is predicated upon a different theory, an amendment should be permitted in the absence of the injection of any new issues requiring new and extensive preparation detrimental to the speedy resolution of the case and prejudicial to the defendant." **Matarazzo v. Friendly Ice Cream Corp.**, 70 F.R.D. 556, 559 (E.D.N.Y. 1976) (citations omitted). Courts may find "allowance of . . . additional claims will advance the cause of justice and 'facilitate a proper decision on the merits.'" **Dudley v. Business Express, Inc.**, 882 F. Supp. 199, 212 (D.N.H. 1994), **quoting Foman v. Davis**, 371 U.S. 178, 182 (1962). The party opposing the amendment has the burden of demonstrating the amendment would be unduly prejudicial. **See Sokolski v. Trans Union Corp.**, 178 F.R.D. 393, 396 (E.D.N.Y. 1998). Additionally, the quantum meruit claim does not require evidence which is materially different than the evidence adduce for the plaintiff's previous claim based on an open account theory.

While the court is concerned about how long this matter has been pending before the court, during most of the last year the case has been inactive. Had the plaintiff filed the motion to amend prior to the parties' agreement to arbitrate, the defendant could show only minimal inconvenience related to discovery. Further, the court record shows the parties continued with discovery before the scheduled arbitration, but after the discovery deadline imposed by the court. Given the circumstances of this case, the court will grant the motion to amend and allow the parties time to assess the discovery needs before entering a scheduling order and setting the matter for trial. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Leave to Amend the Complaint (Filing No. 71) is granted. The plaintiff shall have to **on or before June 12, 2006**, to file the amended complaint.

2. The defendant's Objection (Filing No. 97) to the plaintiff's Motion for Leave to Amend the Complaint is overruled.

3. The plaintiff's Motion for Reconsideration (Filing No. 75) is granted to the extent that the portion of the September 28, 2005 order (Filing No. 70) granting the defendant's motion to compel arbitration (Filing No. 63) is vacated.

4. On reconsideration, the defendant's motion to compel arbitration (Filing No. 63) is denied.

5. The defendant's Objection (Filing No. 96) to the plaintiff's Motion for Reconsideration is overruled.

6. A telephone conference with the undersigned magistrate judge will be held on **June 26, 2006, at 10:30 a.m.** for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial. The plaintiff's counsel shall initiate the call.

DATED this 1st day of June, 2006.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge